IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY A. ATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-1115-TMH |
| ) | [WO] |
| ) | |
| CHARLES R. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 action filed by Anthony A. Atkins ("Atkins"), an indigent county inmate, in which he challenges actions by Charles R. Williams, a private citizen, regarding Williams's use of force against him. Compl. (Doc. No. 1) at 3 ("On the night of 1/7/12 [on the corner of Yarbrough Street and Ripley Street in Montgomery, Alabama], I was shot in the back as well as shot in the back of my right leg by Charles R. Williams."). Atkins also alleges Williams committed perjury when he provided information to police in an arrest warrant "saying me and two other guys tried to rob him . . . , all in an effort to cover up the fact he shot a unarmed man . . . ." *Id*. Atkins seeks monetary damages. *Id*. at 4.

Upon thorough review of the complaint, the court concludes that summary dismissal

of this case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## II. DISCUSSION

Atkins maintains Williams acted in violation of his constitutional rights when shooting him and signing a warrant against him for first degree robbery. These claims entitle Atkins to no relief.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law or a person whose conduct is fairly attributable to the State. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *Am. Mfrs.*, 526 U.S. at 49-50, 119 S.Ct. at 985. Consequently, "state action requires **both** an

---

[1] The court entered an order granting Atkins leave to proceed *in forma pauperis* in this cause of action. Order of January 2, 2013 (Doc. No. 3). Consequently, this court must screen the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires dismissal of a prisoner's civil action and/or claims presented therein prior to service of process if it determines that such is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id*.

It is clear to the court that the defendant did not act under color of state law with respect to the actions about which Atkins complains; rather, Williams shooting Atkins and his initiation of a criminal charge against Atkins resulted from "merely private conduct" excluded from the reach of § 1983. In light of the foregoing, the court concludes that the claims presented in the complaint are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

---

[2] It is likewise well established that 42 U.S.C. § 1983 does not authorize the assertion of a claim for damages for alleged acts of perjury during proceedings related to criminal proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability); *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987).

ORDERED that on or before **January 16, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 2nd day of January, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE